# DISTRICT COURT OF THE UNITED STATES
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:17-cv-266-FDW

| | | |
|---|---|---|
| WILLIAM RAY WILLIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DUDLEY GREENE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's *pro se* Petitioner for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. No. 1).

Petitioner was a pretrial detainee at the McDowell County Detention Center in Marion, North Carolina when he filed the instant § 2241 Petition. He contends that he has requested law books and counsel, that the pending criminal charges are meritless, and that he has been held for more than 30 days even though he already paid restitution. He asks to appear in court to present his evidence.

The North Carolina Department of Public Safety's records indicate that Petitioner is no longer a pretrial detainee. He was convicted of obtaining property by false pretenses on November 28, 2017, and is presently serving an 18-month term of supervised release in North Carolina case number 16000456.[1]

Section 2241 provides a remedy for any person held in violation of the Constitution, laws,

---

[1] The North Carolina Department of Public Safety's records are available at http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1474672&searchLastName=willis &searchFirstName=william&searchMiddleName=r&listurl=pagelistoffendersearchresults&listpage=1. See Fed. R. Ev. 201.

or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him."[2] Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); see 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (§ 2241 applies to individuals who a state places in pretrial detention). Claims for habeas relief from pretrial detention are mooted by a subsequent conviction and sentence. See generally Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot"); see also Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) (vacating district court's denial of a § 2241 challenge to pretrial conviction, where petitioner was not a pretrial detainee when the district court ruled, and remanding with instructions to dismiss as moot); Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993) (claims for pretrial habeas relief were mooted by petitioner's subsequent conviction); Sharma v. Unknown Respondent, 672 Fed. Appx. 308 (4th Cir. 2017) (dismissing § 2241 petition as moot where the petitioner who sought to challenge his pretrial detention was subsequently convicted).

Petitioner is no longer a pretrial detainee as he has been convicted and sentenced by the North Carolina courts. This Court therefore has no basis to proceed and must dismiss the Petition. See Sharma, 672 Fed. Appx. at 308.

**IT IS THEREFORE ORDERED THAT**:

1.     The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. No. 1), is

       **DISMISSED** as moot.

---

[2] A federal habeas petitioner who is "in custody pursuant to the judgment of a State court" may seek relief pursuant to 28 U.S.C. § 2254(a). Petitioner is cautioned that § 2254 is governed by a one-year statute of limitations and other procedural requirements.

2.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338

(2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the

denial of a constitutional right).

Signed: March 26, 2018

Frank D. Whitney
Chief United States District Judge

3